Cause No. CV51385

| | | |
|---|---|---|
| CLARK, LOVE & HUTSON, P.L.L.C, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | WHARTON COUNTY, TEXAS |
| JAMES M. BEGGS; LYNDA LANDERS; | § | |
| and BEGGS LANDERS LAW FIRM, | § | |
| PLLC, | § | |
| Defendants. | § | 23RD JUDICIAL DISTRICT |

FILED at 3:44 o'clock P.M.
JUL 01 2019
KENDRA CHARBULA
DISTRICT CLERK, WHARTON CO. TEXAS
By_____ Deputy

## TEMPORARY RESTRAINING ORDER

In this Order:

- "CLH" means Clark, Love & Hutson, P.L.L.C., formerly known as Clark, Love & Hutson, G.P.; and

- "Beggs Landers" means James M. Beggs, Lynda Landers, and Beggs Landers Law Firm, PLLC;

CLH has filed a verified original petition, request for temporary restraining order, and application for temporary and permanent injunctions (the "Petition"). It CLEARLY APPEARS to the Court from the facts set forth in the Petition:

- that CLH has a probable right of recovery in this suit;

- that a suit for damages alone would not give CLH complete relief;

- that unless Beggs Landers and their members, managers, officers, agents, servants, employees, representatives, and attorneys (and those persons in active concert or participation with any of them) are immediately restrained from

1

(i) soliciting professional employment (to sue CLH or any of its principals concerning their representation of TVM clients), in violation of Texas Disciplinary Rules of Professional Conduct 7.04 and/or 7.05, from any of CLH's current TVM clients who did not first seek out Beggs Landers' advice concerning employment or with whom Beggs Landers has no family or past or present attorney-client relationship,

(ii) sending advertisements (for the purpose of obtaining clients to sue CLH or any of its principals concerning their representation of TVM clients), that violate Texas Disciplinary Rules of Professional Conduct 7.04 and/or 7.05, to any of CLH's current TVM clients who did not first seek out Beggs Landers' advice concerning employment or with whom Beggs Landers has no family or past or present attorney-client relationship,

(iii) disclosing or using the TVM Trade Secret Information, as that term is defined hereafter in this Order, for any purpose whatsoever—including without limitation for the purpose of soliciting professional employment (to sue CLH or any of its principals concerning their representation of TVM clients) from any of CLH's current or past TVM clients or for the purpose of suing CLH or any of its principals on behalf of any of CLH's current or past TVM clients,

(iv) further acquiring any of the TVM Trade Secret Information, as that term is defined hereafter in this Order, or information derived from the TVM Trade Secret Information, as that term is defined hereafter in this Order,

(v) knowingly financing the commission of any of the acts referenced in subparagraphs (i) through (iv) above,

2

This document was retrieved from the IDOCKET.COM web site.

(vi) knowingly accepting or continuing to proceed with employment from any of CLH's current or former clients, if the employment resulted or results from any of the conduct referenced in subparagraphs (i) through (v) above,

(vii) willfully or intentionally interfering with CLH's contractual and/or business relations with its current TVM clients,

(viii) destroying any documents or information (including without limitation electronically-stored information) relating to: (a) advertising to obtain clients to sue CLH and/or any of its principals in any way relating to TVM; (b) the solicitation of any of CLH's TVM clients and/or former clients; and (c) the manner in which Beggs Landers identified or was able to identify and/or learn the identities of CLH's current and former TVM clients and personal information (including without limitation contact information) of CLH's current and former TVM clients, and

(ix) destroying any documents or information (including without limitation electronically-stored information) reflecting communications with any persons acting in concert with or benefitting together with Beggs Landers regarding advertising to and/or the solicitation of CLH's current and former TVM clients,

Beggs Landers will commit one or more of the foregoing acts before formal notice can be given and a full hearing is had on CLH's application for temporary injunction; and

- that, if the commission of the acts referenced in the immediately preceding bullet point is not restrained immediately, then CLH will suffer imminent and irreparable injury for which it has no adequate remedy at law.

3

This document was retrieved from the IDOCKET.COM web site.

The Court FINDS:

- that CLH has existing, contractual attorney-client relationships with plaintiffs who are prosecuting TVM cases and claims;

- that CLH has a contingent fee interest in each of plaintiff's cases and claims that entitles CLH to receive a portion of each plaintiff's recovery as CLH's fee;

- that CLH's contractual attorney-client relationships with the plaintiffs in TVM cases and claims are unique and irreplaceable;

- that CLH has a substantial right to maintain the integrity of its contractual attorney-client relationships with the plaintiffs in TVM cases and claims;

- that Beggs Landers has willfully, intentionally, maliciously, knowingly, unjustifiably, wrongfully, and unlawfully interfered with CLH's contractual and business relations with plaintiffs in TVM cases and claims by, *inter alia*, sending advertisements and solicitations to those plaintiffs, for the purpose of obtaining professional employment to sue CLH and its principals, that violate the Texas Disciplinary Rules of Professional Conduct in at least the following ways,

    (i) Rule 7.05(a)(2), as it incorporates Rule 7.04(b)(1), because the advertisements fail to publish the name of at least one lawyer responsible for the advertisements,

    (ii) Rule 7.05(a)(2), as it incorporates Rule 7.04(b)(3), because the advertisements fail to state that they are "advertisements,"

    (iii) Rule 7.05(a)(2), as it incorporates Rule 7.04(j), because the advertisements fail to disclose the geographic location, by city or town, of the principal office of Beggs Landers,

    (iv) Rule 7.05(b)(1) because the advertisements are not plainly marked "ADVERTISEMENT"

4

This document was retrieved from the IDOCKET.COM web site.

on the first page and on the face of the envelopes transmitting them,

(v) Rule 7.05(b)(5) because the advertisements do not disclose how Beggs Landers obtained the information prompting the advertisements, and

(vi) Rule 7.05(d) because the advertisements are not signed by or approved in writing by Beggs Landers;

- that Beggs Landers' willful, intentional, malicious, knowing, unjustified, wrongful, and unlawful interference with CLH's contractual and business relations with plaintiffs in TVM cases and claims has proximately caused irreparable injury and damage to CLH;

- that CLH compiled and maintained TVM client lists and other client information, as well as other information concerning its practice of law regarding TVM cases and claims, as confidential trade secret information (the "TVM Trade Secret Information");

- that CLH took substantial measures to maintain the confidentiality of the TVM Trade Secret Information;

- that the TVM Trade Secret Information has independent economic value from not being generally known to, and not readily being ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;

- that Beggs Landers misappropriated the TVM Trade Secret Information: (i) by willfully, maliciously, and unlawfully acquiring the TVM Trade Secret Information from another who Beggs Landers knew or had reason to know had acquired the trade secrets by improper means; and (ii) by willfully, maliciously, and unlawfully misappropriated disclosing and using the TVM Trade Secret Information without the express or complied consent of CLH;

5

This document was retrieved from the IDOCKET.COM web site.

- that Beggs Landers' willful, malicious, and unlawful misappropriation of the TVM Trade Secret Information has proximately caused irreparable injury and damage to CLH;

- that each of Beggs Landers unlawfully combined with each other and currently-unknown others: (i) to tortiously interfere with CLH's contracts/business relations with plaintiffs in TVM cases and claims; and (ii) to misappropriate the TVM Trade Secret Information;

- that each of Beggs Landers and currently-unknown others committed overt acts with the objective of furthering the combined conduct referenced in the immediately preceding bullet point;

- that each of Beggs Landers' unlawfully combining with each other and currently-unknown others to tortiously interfere with CLH's contracts/business relations with plaintiffs in TVM cases and claims and to misappropriate the TVM Trade Secret Information proximately caused irreparable injury and damage to CLH;

- that, if Beggs Landers and their members, managers, officers, agents, servants, representatives, and employees (and those in active concert or participation with any of them) are not restrained from engaging in the conduct that this Order restrains, then CLH will be injured because: (i) it will lose its clients who are plaintiffs in TVM cases and claims; (ii) the unique and irreplaceable relationships between CLH and its clients who are plaintiffs in TVM cases and claims will forever and irreparably be destroyed; (iii) CLH's reputation in the eyes of its TVM clients will be irreparably damaged and tainted; (iv) CLH will lose income that, but for the conduct of Beggs Landers that CLH seeks to restrain, would emanate from CLH's reputation in the eyes of its TVM clients and from referrals and future business from and for those clients; and (v) CLH will potentially be subjected to demands from clients that have been misled by Beggs Landers' improper advertisements and solicitations into believing that CLH has engaged in actionable conduct when it has not;

This document was retrieved from the IDOCKET.COM web site.

- that CLH's injury is irreparable because the harm resulting to CLH from Beggs Landers and their members, managers, officers, agents, servants, employees, representatives, and/or attorneys (and/or those acting in active concert or participation with any of them) engaging in the conduct that this Order restrains could not be adequately compensated in damages, and/or CLH's damages could not be measured by any certain pecuniary standards;

- that harm to CLH is imminent because, for the purpose of obtaining professional employment and with the intent to obtain economic benefit and pecuniary gain, Beggs Landers has expressed an intent to and Beggs Landers intends to: (i) solicit professional employment (to sue CLH and its principals concerning their representation of TVM clients), in violation of Texas Disciplinary Rules of Professional Conduct 7.04 and/or 7.05, from CLH's current TVM clients who did not first seek out Beggs Landers' advice concerning employment or with whom Beggs Landers has no family or past or present attorney-client relationship; (ii) send advertisements (for the purpose of obtaining clients to sue CLH and its principals concerning their representation of TVM clients), that violate Texas Disciplinary Rules of Professional Conduct 7.04 and/or 7.05, to CLH's current TVM clients who did not first seek out Beggs Landers' advice concerning employment or with whom Beggs Landers has no family or past or present attorney-client relationship; (iii) disclose and use the TVM Trade Secret Information— including for the purpose of soliciting professional employment (to sue CLH and its principals concerning their representation of TVM clients) from CLH's current or past TVM clients or for the purpose of suing CLH and its principals on behalf of CLH's current or past TVM clients; (iv) unlawfully combine with each other and currently-unknown others in furtherance of the conduct referenced in subsections (i) through (iii) of this bullet point; and (v) knowingly accept professional employment from CLH's current or former TVM clients that resulted or results from the conduct referenced in subsections (i) through (iv) of this bullet point;

- that CLH has a probable right of recovery and that the harm to CLH is imminent for the further reason that, with respect to certain of the plaintiffs in TVM cases and claims who CLH

7

This document was retrieved from the IDOCKET.COM web site.

currently represents, Beggs Landers has already engaged in conduct referenced in the immediately preceding bullet point; and

- that granting this Order without notice is appropriate because, if notice were given, Beggs Landers would commit one or more of the acts that this Order restrains before this Order is signed—thereby causing further irreparable harm to CLH.

Thus, the Court ORDERS Beggs Landers and their members, managers, officers, agents, servants, employees, representatives, and attorneys (and those persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise) to immediately DESIST and REFRAIN from:

(i) soliciting professional employment (to sue CLH or any of its principals concerning their representation of TVM clients), in violation of Texas Disciplinary Rules of Professional Conduct 7.04 and/or 7.05, from any of CLH's current TVM clients who did not first seek out Beggs Landers' advice concerning employment or with whom Beggs Landers has no family or past or present attorney-client relationship;

(ii) sending advertisements (for the purpose of obtaining clients to sue CLH or any of its principals concerning their representation of TVM clients), that violate Texas Disciplinary Rules of Professional Conduct 7.04 and/or 7.05, to any of CLH's current TVM clients who did not first seek out Beggs Landers' advice concerning employment or with whom Beggs Landers has no family or past or present attorney-client relationship;

(iii) disclosing or using any of the TVM Trade Secret Information for any purpose whatsoever—including without limitation for the purpose of soliciting professional employment (to sue CLH or any of its principals concerning their representation of TVM clients) from any of CLH's current or past TVM clients

8

This document was retrieved from the IDOCKET.COM web site.

or for the purpose of suing CLH or any of its principals on behalf of any of CLH's current or past TVM clients;

(iv) further acquiring any of the TVM Trade Secret Information;

(v) knowingly financing the commission of any of the acts referenced in subparagraphs (i) through (iv) above;

(vi) knowingly accepting or continuing to proceed with employment from any of CLH's current or former clients, if the employment resulted or results from any of the conduct restrained in subparagraphs (i) through (v) above;

(vii) willfully or intentionally interfering with CLH's contractual and/or business relations with its current TVM clients;

(viii) destroying any documents or information (including without limitation electronically-stored information) relating to: (a) advertising to obtain clients to sue CLH and/or any of its principals in any way relating to TVM; (b) the solicitation of any of CLH's TVM clients and/or former clients; and (c) the manner in which Beggs Landers identified or was able to identify and/or learn the identities of CLH's current and former TVM clients and personal information (including without limitation contact information) of CLH's current and former TVM clients; and

(ix) destroying any documents or information (including without limitation electronically-stored information) reflecting communications with any persons acting in concert with or benefitting together with Beggs Landers regarding advertising to and/or the solicitation of CLH's current and former TVM clients.

The Court further FINDS that additional orders are necessary to protect the TVM Trade Secret Information and, therefore, the Court further

9

This document was retrieved from the IDOCKET.COM web site.

ORDERS Beggs Landers to provide the following information to CLH within seven (7) days of the date of this Order:

    (i)    the name, address, and telephone number of each person, law firm, and/or other entity that has a financial interest in the outcome of any litigation or claims against CLH and/or any of CLH's principal's relating to CLH's representation of current or former TVM clients;

    (ii)    the name, address, and telephone number of each person and/or entity that provided Beggs Landers with the names and/or contact information of any of CLH's TVM current or former clients;

    (iii)    the name, address, and telephone number of each person and/or entity that has financed and/or paid for any part of Beggs Landers' efforts to obtain employment by TVM clients or former clients of CLH;

    (iv)    the name, address, and telephone number of each person and/or entity that has financed and/or paid for any part of the advertisements attached as Exhibit 1 to the Petition;

    (v)    the name, address, and telephone number of each person and/or entity that has financed and/or paid for any part of mailing the advertisements attached as Exhibit 1 to the Petition;

    (vi)    the name, address, and telephone number of each person and/or entity that has financed and/or paid for any part of the toll-free telephone number contained in the advertisements attached as Exhibit 1 to the Petition; and

    (vii)    the name, address, and telephone number of each person to whom the advertisement attached as Exhibit 1 to the Petition has been sent or transmitted by any means.

This document was retrieved from the IDOCKET.COM web site.

The Court ORDERS each of Beggs Landers to appear before the Presiding Judge of the 23rd Judicial District Court of Wharton County, Texas, on July 10, 2019, at 10:00 o'clock, a.m., in the courtroom of the ____ Judicial District Court of Wharton County, Texas, to show cause, if any, why a temporary injunction should not be issued as requested by CLH. The Clerk of the Court is directed to issue a show cause notice to each of Beggs Landers to appear at the temporary injunction hearing.

The Clerk of the Court shall forthwith, on the filing by CLH of the bond or cash deposit hereafter required, and on approving the bond or cash deposit according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.

This Order shall not be effective unless and until CLH files with the Clerk a bond or cash deposit in conformity with the law in the amount of $ 1000.00.

Signed this 1 day of July, 2019, at 3:44 o'clock, p.m.

_____
JUDGE PRESIDING

11

This document was retrieved from the IDOCKET.COM web site.

This document was retrieved from the IDOCKET.COM web site.

The Court ORDERS each of Beggs Landers to appear before the Presiding Judge of the 23rd Judicial District Court of Wharton County, Texas, on July 10, 2019, at 10:00 o'clock, a.m., in the courtroom of the ____ Judicial District Court of Wharton County, Texas, to show cause, if any, why a temporary injunction should not be issued as requested by CLH. The Clerk of the Court is directed to issue a show cause notice to each of Beggs Landers to appear at the temporary injunction hearing.

The Clerk of the Court shall forthwith, on the filing by CLH of the bond or cash deposit hereafter required, and on approving the bond or cash deposit according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.

This Order shall not be effective unless and until CLH files with the Clerk a bond or cash deposit in conformity with the law in the amount of $ 1000.00.

Signed this 1 day of July, 2019, at 3:44 o'clock, p.m.

                                    _____
                                    JUDGE PRESIDING